UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DARREN GILREATH<br>457 Leona Wyatt Rd.<br>Corbin, KY 40701<br><br>    PLAINTIFF,<br><br>VS.<br><br>CSX TRANSPORTATION, INC.<br>General Claims-1340-1<br>4714 Hollins Ferry Road<br>Baltimore, MD 21227<br>    DEFENDANT, | )<br>) Electronically Filed<br>)<br>) Civil Action No.<br>)<br>) TRIAL BY JURY DEMAND<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. The plaintiff herein is Darren R. Gilreath, a citizen and resident of Kentucky, residing therein at 457 Leona Wyatt Rd Corbin, KY 40701.

2. Defendant, CSX Transportation, is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida. CSX TRANSPORTATION, INC. does business in the Commonwealth of Kentucky and regularly does business in the Eastern District of Kentucky.

3. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4. At the time and place hereinafter mentioned and for a long time prior thereto, defendant, as a common carrier, operated trains freight,in commerce, between the different states of the United States and its territories.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff, were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

6. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7. At all times material hereto plaintiff was employed by defendant, CSX Transportation.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the controlof the defendant, its agents, servants and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; hasundergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; he may incur large sums of future medical expenses or may be required to expendlarge sums of money in the future in an effort to effect a cure of his aforesaid injuries; and has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about December 12, 2013 at or about 6:30 p.m., and for some time prior thereto, plaintiff was employed by defendant, CSX Transportation, as a Remote Control Operator Conductor, and on that date, in the performance of his duties, was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described, while he was wearing a Remote Control Operator (RCO) vest and RCO control box he was required by defendant to use a brake stick when operating a hand brake which resulted in injury to plaintiff's shoulder.

12. The aforesaid accident was caused by the negligence of the defendant, its agents, servants and/or employees, and by defendant's violation of "The Federal Employers' Liability Act", "The Federal Safety Appliance Act", and "The Federal Boiler Inspection Act", and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

13. As a result of the aforesaid, plaintiff sustained injury to his body and limbs, their bones, cells, tissues, nerves and muscles; he sustained numbness in his arms and back pain and he sustained severe shock to his nerves and nervous system. Plaintiff has been advised that some or all of the above are or may be permanent in nature.

WHEREFORE, plaintiff claims of the defendant a sum in excess of ONE HUNDRED SEVENTY FIVE THOUSAND DOLLARS (175,000.00).

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**KELLER & GOGGIN, P.C.**

By: /s/Brian G. Powell
BRIAN G. POWELL, ESQUIRE
Attorney for Plaintiff
1528 Walnut St. Suite 900
Philadelphia, PA 19102