UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| DARREN GILREATH, | NO. 6:16-CV-96-KKC |
| --- | --- |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| CSX TRANSPORTATION, INC., | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on cross-motions for summary judgment filed by Plaintiff Darren Gilreath and Defendant CSX Transportation, Inc. ("CSXT"). Plaintiff alleges that CSXT is liable under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*, for negligently causing an injury to his shoulder. Plaintiff advances three theories of liability: a traditional FELA negligence claim; a negligence *per se* claim based on an alleged violation of the Federal Safety Appliances Act ("FSAA"), 49 U.S.C. §§ 20301-20306;[1] and a negligence *per se* claim based on an alleged violation of the Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701-20703.[2] Plaintiff seeks partial summary judgment on his FSAA claim, (DE 74), while Defendant seeks summary judgment on all three causes of action, (DE 75). For the reasons discussed below, Plaintiff's motion for partial summary judgment is denied. Defendant's motion for summary judgment is granted with respect to Plaintiff's FELA negligence claim and LIA claim, but denied with respect to Plaintiff's FSAA claim.

---

[1] Plaintiff's Complaint cites 45 U.S.C .§§ 1-16 for his FSAA claim, but those provisions were repealed and transferred to 49 U.S.C. §§ 20301-20306. Pub. L. No. 103-272, § 7(b), 108 Sta. 1379 (1994).
[2] Plaintiff states that this claim is brought under the Federal Boiler Inspection Act, U.S.C. §§ 22-34, but that Act has also been repealed, transferred, and renamed. Pub. L. No. 103-272, § 7(b), 108 Sta. 1379 (1994).

**I. Background**

Gilreath began working for CSXT in July 2003. On or about December 10, 2013, Gilreath was working as a switchman on a remote control locomotive in CSXT's Corbin, Kentucky railyard. Gilreath was part of a two man crew working to move rail cars for the purpose of building an outbound train. The crew was using railcar #SHPX 208261 as a buffer car for other railcars to kick into to stop. While performing this task, and in accordance with CSXT policy, Gilreath was wearing a Remote Control Operator ("RCO") vest and using a brake stick to tighten the handbrake on railcar #SHPX 208261.[3] Gilreath claims that, when he had almost completed applying the handbrake, the tension in the brake unexpectedly and momentarily released and came to sudden stop. This allegedly caused him to feel a pop and jolt in his shoulder and immediate pain and numbness in his left arm.

Gilreath continued assembling the outbound train before reporting the incident to his supervisor, Randell McPeek, who asked him to write a signed statement regarding the event. In that statement, Gilreath reported that "while using brake stick felt a pop and some tingly in arm and my pinky finger and middle finger went numb" and that he felt soreness in his shoulder. (DE 75-4). After receiving Gilreath's report, a senior general foreman, Rebecca Gardner, conducted an inspection of the railcar. Her report found no exceptions and stated that the "handbrake applied and relaxed properly." (DE 75-10). The railcar was then released back into service and eventually returned to its customer owner. The next day, Gilreath filled out a PI-1A "Employee's Injury and/or Illness Report" in which he again reported feeling a "pop in left shoulder" and claimed that the "remote box causes restrictive range of motion while using brake stick." (DE 75-6). Approximately one month after the incident, Gilreath

---

[3] A brake stake is a long pole with a hook on the end used to pull a brake-wheel while standing on the ground. Rotating the brake wheel clockwise results in tightening of the hand brake.

met with CSXT representative Jim Begley during which he stated that he lacked a "safe place to work because the remote restricts your range of motion." (DE 75-5, at 25-26).

Gilreath suffered rotator cuff and labral tears and, despite undergoing surgery, has permanent restrictions on the use of his left shoulder and upper arm. On June 7, 2016, Plaintiff filed a Complaint in this Court alleging that this injury was due to CSXT's negligence. Plaintiff has filed a motion for partial summary judgment, (DE 74), and Defendant has filed a motion for summary judgment, (DE 75). Both parties have filed responses and replies and these motions are now ripe for consideration.

**II. Standard of Review**

Summary judgment is appropriate " if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All evidence, facts, and inferences must be viewed in favor of the non-moving party. *United States v. Diebold*, 369 U.S. 654, 655 (1962). In order to defeat a summary judgment motion, "[t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Summary judgment must be entered if, " after adequate opportunity for discovery," a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 940 (6th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted)).

**III. FELA, FSAA, and LIA**

The Sixth Circuit has described FELA as "a remedial and humanitarian statute . . . enacted by Congress to afford relief to employees from injury incurred in the railway industry." *Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 580 (6th Cir. 2000). FELA provides:

> Every common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . .

45 U.S.C. § 51. To present a prima facie case under FELA, a plaintiff must prove that: (1) he was injured within the scope of his employment; (2) his employment was in furtherance of the employer's interstate transportation business; (3) that the employer was negligent; and (4) that the employer's negligence played some part in causing the injury for which he seeks compensation under FELA. The statute, however, relaxes a plaintiff's burden of proof regarding causation. *Van Gorder,* 509 F.3d at 269 (citing *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957)). A plaintiff must only show that his injury resulted "in whole *or in part* from the negligence" of the employer. 45 U.S.C. § 51 (emphasis added); *see Van Gorder*, 509 F.3d at 271 ("Under FELA, the 'test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part . . . in producing the injury.'") (quoting *Gallick v. Baltimore & Ohio R.R. Co.,* 372 U.S. 108, 116 (1963) (alteration in original). But the burden of proving the remaining elements of negligence are not lessened. *Van Gorder*, 509 F.3d at 269. Thus, a plaintiff "cannot benefit from FELA's relaxed causation standard unless he can prove that the employer was negligent in the first place . . . ." *Id.* at 271.

The FSAA, 49 U.S.C. §§ 20301-20306, requires railroad carriers to use "a vehicle only if it is equipped with . . . secure sill steps and efficient hand brakes . . . ." *Id.* § 20302(a)(1)(B).

The FSAA lacks a statutory cause of action. The Supreme Court, however, has held that the cause of action created by FELA "embraces claims of an employee based on violations of the" FSAA. *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969). Thus, a violation of the FSAA is negligence *per se* under FELA. If an employee can prove the employer committed a violation of the FSAA, he must only show the injury resulted "in whole or in part" from the violation to establish liability under FELA. *Id.*

Similarly, the LIA, 49 U.S.C. §§ 20701-20703, also lacks an independent cause of action, but a violation of the statute is negligence *per se* under FELA. *Lewis v. Wis. Cent., Ltd.*, 562 Fed. Appx. 410, 412 (quoting *Szekeres v. CSX Transp., Inc.*, 617 F.3d 424, 426 (6th Cir. 2010)). The LIA requires a railroad carrier to use a locomotive only when it, and its parts:

> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and
>
> (3) can withstand every test prescribed by the Secretary under this chapter.

49 U.S.C. § 20701.

**IV. Analysis**

*A. FSAA*

Plaintiff seeks summary judgment on the issue of whether CSXT violated the FSAA and is therefore liable under FELA for his injuries. Plaintiff argues that the handbrake on rail car #SHPX 208261 was inefficient because the tension suddenly and unexpectedly released. In support of this argument, Plaintiff points to his own deposition testimony, during which he stated that the incident was caused by a malfunction of the handbrake. (DE 74-1, at 88, line 15-21). He also proffers the deposition testimony of CSXT manager Randall McPeek, who stated that handbrakes sometimes suffer a quick small jerk when the chain

links unbind. (DE 74-2, at 13, line 9-14). Finally, Plaintiff's expert, David Engle,[4] testified during his deposition that the handbrake was not efficient because "it did not operate as intended, and because it did not act as intended to apply the prescribed amount of pressure of [sic] the brake shoes of this freight car against the wheels of this freight car . . . ." (DE 74-4, at 59, lines 12-16).

CSXT also seeks summary judgment on this issue, contending that Plaintiff has failed to show that the handbrake was inefficient and claiming the theory has been crafted by Gilreath during the course of litigation. In support of this claim, CSXT points to Gilreath's initial reports of his injury. In neither his handwritten note on the night of the incident nor in his PI-1A submitted the next day did Gilreath claim the injury was caused by a defective or inefficient handbrake. When Gilreath met with CSXT representative Jim Begley a month after the incident, he did not suggest a defect or inefficiency in the handbrake. Instead, he stated that the injury was caused by wearing an RCO vest while using a brake stick. And Gilreath's Complaint only advances the theory that his injury resulted from "wearing a [RCO] vest and RCO control box [while] he was required by defendant to use a brake stick when operating a hand brake . . . ." (DE 1, ¶ 11).[5]

There are two ways a plaintiff may show a handbrake operated inefficiently in violation of the FSAA. First, evidence may be presented that establishes "some particular defect." *Myers v. Reading Co.*, 331 U.S. 477, 483 (1947). Alternatively, an inefficiency may be established "by showing a failure to function, when operated with due care, in the normal, natural, and usual manner." *Id.* (quoting *Didinger v. Pa. R. Co.*, 39 F.2d 798, 799 (6th Cir. 1930) (internal quotation marks omitted)). Because no defect was discovered in the brake,

---

[4] Engle is a former superintendent of air brakes at a class 1 railroad. He is also Gilreath's union representative.
[5] In its motion for summary judgment, CSXT does not rely on Rebecca Gardner's inspection report, which found that the handbrakes were operating normally. Plaintiff has filed a motion to exclude Gardner's testimony in motions and at trial. (DE 73).

Plaintiff must rely on the second method for proving an inefficiency. Thus, the test is the "performance of the appliance . . . . Efficient means adequate in performance; producing properly a desired effect. Inefficient means not producing or not capable of producing the desired effect; incapable; incompetent; inadequate." *Id.* It is irrelevant if the handbrake worked efficiently before or after the incident which allegedly caused the injury. *Id.* The only question is if the handbrake functioned properly when the incident occurred.

Neither party is entitled to summary judgment on this issue as a genuine dispute as to a material fact—whether the handbrake failed to function properly—remains. Gilreath's own opinion that the handbrake did not function efficiently is sufficient to avoid summary judgment for CSXT. *See Richards v. Conslidated Rail Corp.*, 330 F.3d 428, 433 (2003) ("Trial judges should not rule out plaintiffs' opinions as to why appliances functioned inefficiently, where the plaintiffs' opinions are based on their experience and perceptions at the time of their accident."). And CSXT is entitled to impeach the credibility of Gilreath, McPeek, and Engle at trial as to whether the handbrake failed to function correctly.[6]

### B. FELA

CSXT seeks summary judgment on Gilreath's FELA negligence claim. In order to prevail on his FELA negligence claim, Plaintiff must prove the "traditional common law elements of negligence; duty, breach, foreseeability, and causation." *Van Gorder*, 509 F.3d at 269 (quoting *Adams v. CSX Transportation, Inc.* 899 F.2d 536, 539 (6th Cir. 1990)). It is undisputed that Gilreath was an employee of CSXT acting within the scope of his employment and that, CSXT

---

[6] Because the Court finds that there is a genuine dispute as to a material fact as to whether the FSAA was violated, Plaintiff's argument that he is entitled to summary judgment as to causation is moot. In its motion for summary judgment, Defendant does not argue that Plaintiff has failed to prove causation. And, moreover, such an argument would be disfavored at the summary judgment state. *See Van Gorder*, 509 F.3d at 271 ("If the record contains evidence from which the court could draw the conclusion that the employer's negligence played any part in the plaintiff's injury then it must send the case to the jury, even if the evidence would also allow the jury to find for the employer.") (citing *Gallick v. Balt. & Ohio R.R. Co.*, 372 U.S. 108, 116-17 (1963)).

had a "duty to exercise reasonable care to protect" Gilreath. *See id.* Thus, the question is whether Plaintiff can show that CSXT breached that duty.

FELA does not impose a duty to eliminate all workplaces dangers. Instead, it requires railroads "to provide its employees with a reasonably safe workplace." *Id.* A railroad breaches this duty when it "fails to use ordinary care under the circumstances or fails to do what a reasonably prudent person would have done under the circumstances to make the working environment safe." *Id.* (citing *Tiller v. Atlantic C.L.R. Co.*, 318 U.S. 54, 67 (1943)). In other words, a railroad has breached its duty when it "knew, or by the exercise of due care should have known that prevalent standards of conduct were inadequate to protect [the plaintiff] and similarly situated employees." *Id.* at 269-70 (quoting *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 811 (6th Cir. 1996)) (alteration in original) (internal quotation marks omitted).

Plaintiff's brief Complaint provides little clarity as to his theory that CSXT was negligent. Thus, the Court must turn to Plaintiff's response brief, (DE 78), in which he advances three theories of negligence. First, he claims that CSXT was on notice that use of a brake stick in conjunction with an RCO box "caused problems" because they "interfered with each other in an awkward way." (DE 78, at 7). In support of this theory, Plaintiff cites McPeek's testimony that he had previously received a complaint that using a brake stick with an RCO box "made it awkward for their hands to . . . go in a normal motion" and that he reported this complaint to a terminal manager. (DE 74-2, at Page 15-17). But Plaintiff does not point to any standard of care that CSXT failed to comply with when requiring employees to use a handbrake while wearing an RCO vest. Moreover, McPeek's testimony revealed only one complaint that use of an RCO box in conjunction with a brake stick was "awkward." One complaint that equipment was awkward, however, does not establish that CSXT failed to provide a "reasonably safe workplace" as required by FELA. *See Przybylinski v. CSX Transp. Inc.*, 292 F. App'x 485, 489 (6th Cir. 2008).

Plaintiff's other theories of negligence are also unconvincing. Plaintiff contends that CSXT was negligent in failing to properly train him. Plaintiff relies primarily on the testimony of his proposed expert Engle. In his deposition, Engle stated that Gilreath lacked the same amount of knowledge as employees at the Norfolk Southern Transportation Department or that a "mechanical person" would have about handbrakes. (DE 74-4, at 51-52). Plaintiff, however, has not provided any evidence that such training is the industry standard for switchmen. Plaintiff next argues that CSXT was negligent because McPeek testified that, when he worked as a conductor for CSXT, he did not receive training what to do if a handbrake suddenly released. This claim is wholly irrelevant to whether Gilreath, working as a switchman, was properly trained. Finally, Plaintiff claims that he testified he did not know how to inspect a tanker. This is also irrelevant, as Gilreath's job did not involve inspection of tankers. Accordingly, because Plaintiff has not presented sufficient evidence to establish that CSXT was negligent, Defendant is entitled to summary judgment on Plaintiff's FELA negligence claim.

### C. LIA

Plaintiff's final theory of liability is that CSXT violated the LIA. But at no point in this litigation has Plaintiff offered proof of this claim. Plaintiff's response to Defendant's motion for summary judgment makes no mention of the LIA. Because Plaintiff has appeared to abandon this argument, Defendant is entitled to summary judgment on Plaintiff's LIA claim.

### V. Conclusion

For the reasons set forth above, the Court HEREBY ORDERS:

1. Plaintiff's motion for summary judgment (DE 74) is DENIED;
2. Defendant's motion for summary (DE 75) is GRANTED with respect to Plaintiff's claim that Defendant is liable under FELA based on a traditional negligence theory and for violation of the LIA.

3. Defendant's motion for summary judgment (DE 75) is DENIED with respect to Plaintiff's claim that Defendant is liable under FELA for violating the FSAA.

Dated February 6, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY